UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL LIABILITY AND FIRE INS. CO., ) <br> a/s/o ROBERT LONG, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LG ELECTRONICS U.S.A., INC., ) <br>     Defendant. ) | C.A. No.: <br><br> In Admiralty |

## COMPLAINT

Now comes the plaintiff National Liability and Fire Insurance Company, as subrogee of Robert Long, seeking damages from the defendant LG Electronics U.S.A., Inc. arising from an early morning fire onboard plaintiff's vessel on June 4, 2015.

## PARTIES

1. Plaintiff Robert Long ("Long") is a Massachusetts resident domiciled at 604 River Street, Norwell, Massachusetts.

2. Plaintiff National Liability and Fire Insurance Company ("NLFIC") is a Virginia corporation with a principal place of business at 880 Pickett, Alexandria, Virginia.

3. At all material times NLFIC insured Long's vessel under BoatU.S. Policy No. 2915384-14 (the "Policy") and, having paid his hull claim after the fire, is subrogated to his interests.

4. Defendant LG Electronics U.S.A., Inc. ("LG") is a New Jersey corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey.

5. The Prentice-Hall Corporation System, Inc. is defendant LG's designated agent for service of process in Massachusetts pursuant to Fed. R. Civ. P. 4(h)(1)(B).

## JURISDICTION AND VENUE

6. The allegations set forth herein constitute maritime torts within the meaning of Fed. R. Civ. P. 9(h) and are subject to this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this action occurred in this district and satisfy Fed. R. Civ. P. 13(g).

## FACTS

8. This dispute arises from a June 4, 2015 fire onboard plaintiff's 32' 1999 Black Horse yacht (the "vessel") at the Winter Hill Yacht Club, 130 Foley Street, Somerville, Massachusetts (the "yacht club").

9. Shortly before 1 a.m. on June 4, 2015 a yacht club member/off-duty firefighter discovered a fire aboard Long's vessel, and with the assistance of another fought the fire with extinguishers and dock hoses before the Somerville Fire Department arrived.

10. The fire caused extensive damage to Long's vessel, which was deemed a total loss, and NLFIC accordingly paid Long the vessel's insured value of One Hundred Twenty-Five Thousand Dollars ($125,000.00) pursuant to the terms of the policy.

11. NLFIC compensated Long for the property damage to the vessel and is subrogated, to the extent of its payments, to the rights of its insured.

12. A claim has also been made against NLFIC in the amount of Two Thousand Two Hundred Thirty-Two Dollars and Six Cents ($2,232.06) for related fire damages to a 2008 Sea Ray 240 Sundancer vessel which was in a slip adjacent to Long's vessel.

13. NLFIC's subsequent fire cause and origin investigation concluded that the fire originated onboard the Long vessel from the internal electronics of a flat screen television set, LG model no. LG26LS3500.

## COUNT I: MARITIME TORT OF NEGLIGENCE

14. Plaintiff repeats and incorporates herein paragraphs 1 - 13.

15. Defendant LG designs, manufactures, and sells electronic products including the flat screen television set onboard Long's vessel on June 4, 2015.

16. The defendant was negligent in designing and/or manufacturing the television.

17. The television's defective and unreasonably dangerous condition caused its internal circuitry to catch fire, severely damaging Long's vessel.

18. LG is liable for all foreseeable damages incurred or to be incurred by NLFIC including payment of Long's hull insurance claim, the related 2008 Sea Ray 240 Sundancer fire damage claim, other damage claims, incidental damages including but not limited to storage and investigation charges, consequential damages, attorneys' fees, and costs.

## COUNT II: BREACH OF WARRANTY

19. Plaintiff repeats and incorporates herein paragraphs 1-18.

20. As the television manufacturer, the defendant breached a warranty directed to the plaintiff consumer.

21. The defendant's breach was both the factual and proximate cause of the June 4, 2015 fire and the ensuing damages.

22. LG is liable for all foreseeable damages incurred or to be incurred by NLFIC including payment of Long's hull insurance claim, the related 2008 Sea Ray 240 Sundancer fire damage

claim, other damage claims, incidental damages including but not limited to storage and investigation charges, consequential damages, attorneys' fees, and costs.

WHEREFORE plaintiff respectfully requests this Court enter judgment against defendant LG Electronics U.S.A., Inc., and award plaintiff recovery of all foreseeable damages incurred or to be incurred including payment of Long's hull insurance claim, the related 2008 Sea Ray 240 Sundancer fire damage claim, other damage claims, incidental damages including but not limited to storage and investigation charges, consequential damages, attorney's fees, and costs.

RESPECTFULLY SUBMITTED this 29th day of July, 2016.

National Liability & Fire Insurance Company,
By Its Attorneys,

/s/ David C. Farrell
David S. Smith, Esq.
BBO No. 634865
Patrick O. McAleer
BBO No. 642627
David C. Farrell, Esq.
BBO No. 693022
Farrell McAleer & Smith LLP
60 Washington Street, Suite 303
Salem, MA 01970
Office: 978-744-8918
Fax: 978-666-0383
dcfarrell@fmsfirm.com